UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

JANE DOE, a minor, by and through her )
parents and next friends, JANET DOE )
JOHN DOE, )
 )
 )
      Plaintiffs, )
 )
v. ) No. 1:20-cv-0347-TRM-SKL
 )
CLEVELAND CITY SCHOOLS BOARD )
OF EDUCATION, *et al.*, )
 )
 )
      Defendants. )

## **ORDER**

     Before the Court are two ripe motions to compel: one filed by Cleveland City Schools Board of Education, Cleveland Middle School, Leneda Laing, Stephanie Pirkle, Lauren Lastoria, Terry Esquiance, Ashley Keith, and Michael Ingram, all in their individual and official capacities [Doc. 40], and the other filed by Raul Cruz, in his individual capacity only [Doc. 41] (collectively "Defendants").[1] Defendants seek (1) to compel discovery responses[2] from Jane Doe, a minor, and her parents, Janet and John Doe, who also bring this action on behalf of themselves (collectively,

---

[1] The Court uses "Defendants" collectively herein to refer to all movants. Raul Cruz did not file a motion to compel in his official capacity. Defendants state in Footnote 1 of a motion to compel that "Matt Ingram" is the properly named defendant in this matter, not "Michael Ingram" [Doc. 40 at Page ID # 292]. No action has been taken to date by any party to address this issue.

[2] Outstanding discovery requests include various interrogatories and requests for production of documents [Doc. 40-1, Doc. 40-2, Doc. 40-3, Doc. 41-1, Doc. 41-2, and Doc. 41-3]. The parties' Joint Rule 26(f) Report sets a schedule for service of, and responses to, written discovery. The parties agreed that responses to the discovery requests would be due no later than 60 from the date of service [Doc. 34 at Page ID # 270]. The discovery requests were served at various times and the responses to all of the requests are long overdue.

"Plaintiffs") and (2) an award of attorney's fees and expenses incurred in connection with the motions to compel.

In the motions, Defendants represent Plaintiffs have not responded to the outstanding discovery requests. Filed contemporaneously with the motions are various communications evidencing efforts by Defendants to obtain Plaintiffs' discovery responses without the need of court intervention. Unaccountably, Plaintiffs' attorneys appear to have made little-to-no response to any of the communications. Equally perplexing, Plaintiffs have not responded to either of the motions to compel, and the time for doing so has now passed. E.D. Tenn. L.R. 7.1(a). The Court deems Plaintiffs' failure to respond to the motions as a waiver of any opposition to the relief sought in the motions. *See* E.D. Tenn. L.R. 7.2.

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides that if a motion to compel discovery is granted, the court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. In this case, Defendants made multiple efforts to obtain the outstanding discovery responses before seeking the assistance of the Court, and the Court finds that an award of reasonable attorney's fees and expenses is appropriate.

Accordingly, for good cause shown and without objection, Defendants' motions to compel [Doc. 40 & Doc. 41] are **GRANTED**. Plaintiffs are **ORDERED** to fully respond to the outstanding discovery requests within **SEVEN DAYS** of the entry of this Order. Plaintiffs are **ADMONISHED** that failure to do so may result in the imposition of additional sanctions, up to and including dismissal of this action with prejudice. *See* Fed. R. Civ. P. 37 & 41.

The parties are further **ORDERED**, within **14 DAYS** of the entry of this Order, to confer in person or by telephone in good faith to discuss the reasonable attorney's fees and expenses

incurred by Defendants with respect to the motions in an attempt to resolve the amount of the award. The Court urges the parties to resolve this issue without further intervention by the Court. If, however, the parties are unable to resolve the reasonable attorney's fees/expenses award through such conferral, Defendants shall have leave to file another motion within **21 DAYS** to address: (1) with supporting proof, the requested amount of fees/expenses; and (2) with supporting citations of authority, whether the fees should be award against (i) Plaintiffs, and if so, which Plaintiffs; and/or (ii) Plaintiffs' attorneys. Plaintiffs may timely respond to any such motion.

    SO ORDERED.

    ENTER:

*s/ Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE